

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

CHERYL REEDER, §
 §
 Plaintiff, §
 §
vs. § Civil Action No. 5:16-03689-MGL-KDW
 §
NANCY A. BERRYHILL, §
Acting Commisioner of Social Security §
Administration, §
 §
 Defendant. §
 §

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S DENIAL OF PLAINTIFF'S CLAIM FOR BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claim for Disability Insurance Benefits (DIB). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendant's decision denying Plaintiff's claim for DIB be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 10, 2018. ECF No. 21. Plaintiff filed objections on January 24, 2018, ECF No. 23, and Defendant replied on January 25, 2018, ECF No. 25. The Court has carefully reviewed Plaintiff's objections but holds them to be meritless. Therefore, it will enter judgment accordingly.

Plaintiff filed her application for DIB on January 14, 2013, asserting her disability commenced on February 1, 2012. Plaintiff's application was denied initially and upon reconsideration. The administrative law judge (ALJ) conducted a hearing on Plaintiff's application on May 6, 2015. On August 12, 2015, the ALJ issued a decision holding Plaintiff was not disabled under the Social Security Act (the Act). The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision, and Plaintiff appealed to this Court.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory

objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

It is Plaintiff's duty both to produce evidence and to prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff's objections primarily constitute a rehashing of the arguments she presented in her initial brief, ECF No. 12, and her reply brief, ECF No. 17. Plaintiff phrases her objection to the Report as follows:

> **Objection 1** Opinion Evidence. The ALJ rejected the opinions of [Plaintiff's] treating providers without considering the consistency of their opinions with one another. Where the ALJ improperly evaluates the opinion evidence, is it proper for the Magistrate Judge to allow the decision to stand?

ECF No. 23 at 1. The issue Plaintiff framed and addressed in her brief in support of her appeal was:

> **Issue 1** Opinion Evidence. The ALJ rejected the opinions of [Plaintiff's] treating providers without considering the consistency of their opinions with one another. Where the ALJ improperly evaluates the opinion evidence, has a legal error been committed that is not harmless?

ECF No. 12 at 17. Thus, Plaintiff's main objection to the Report is substantively identical to the question discussed in Plaintiff's brief, which the Magistrate Judge thoroughly analyzed and rejected in the Report. The Court agrees with the well-reasoned conclusions of the Magistrate Judge for the reasons set forth in the Report, and, as stated above, the Court will refrain from further discussing Plaintiff's arguments in support of her objections that fail to constitute a specific objection to the Report and were already rejected by the Magistrate Judge.

In addition to revisiting the arguments raised in her brief, Plaintiff alleges the Magistrate Judge neglected to address her argument that the ALJ failed to show any inconsistency between the record and Dr. Katherine Morgan's (Dr. Morgan) opinions. Plaintiff also asserts a conclusory objection that the Magistrate Judge neglected to properly consider all the facts when determining whether substantial evidence supports the ALJ's decision to afford greater weight to the opinions of the state agency consultants than to those of Dr. Morgan.

Contrary to Plaintiff's contention, the Magistrate Judge fully analyzed Plaintiff's challenges regarding the ALJ's determination to afford little weight to Dr. Morgan's opinions. *See* ECF No. 21 at 10-19. The Magistrate Judge provided a thorough synopsis of Dr. Morgan's

treatment notes and explained Plaintiff's reported conditions and symptoms did not support and were inconsistent with Dr. Morgan's opinions.  *See id.*  Consequently, the Magistrate Judge suggests the ALJ's decision to afford greater weight to the opinions of the state agency consultants than to those of Dr. Morgan is supported by substantial evidence.  *See id.* at 19.  The Court has reviewed the record and agrees with the well-reasoned conclusions of the Magistrate Judge for the reasons set forth in the Report.  Accordingly, the Court will overrule Plaintiff's objections.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Defendant's decision denying Plaintiff's claim for DIB benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 1st day of March 2018 in Columbia, South Carolina.

s/Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
